IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF MARYLAND

MICHELE ZANDER, et al.            *

         Plaintiffs                *

         vs.                       *    CIVIL ACTION NO. MJG-13-2484

ANDREA BENNETT, et al.            *

         Defendants                *

*     *     *     *     *     *     *     *     *

                         MEMORANDUM AND ORDER

    The Court has before it Defendants' Andrea Bennett and Bennett & Associates' Motion to Dismiss for Lack of Personal Jurisdiction [Document 9] and the materials submitted relating thereto. The Court has held a hearing and had the benefit of the arguments of counsel.

I.   BACKGROUND

    In this case,[1] Plaintiffs Michele and Steven Zander ("the Zanders") sued their former counsel, Andrea Bennett and the law firms of Bennett & Associates and Gilliland, Ratz & Browning, P.C. ("Defendants)[2] for legal malpractice, i.e., negligently

---

[1] This case was filed in the Circuit Court for Baltimore City and timely removed to federal court.
[2] Defendant Bennett was employed by Gilliland, Ratz and Browning, P.C. during some part of the period between 2004 and 2009. In their Response to the Motion to Dismiss [Document 11], the Zanders state that "[s]ince Ms. Bennett left . . . Gilliland, Ratz & Browning, P.C., th[at] firm[] ha[s]

failing to file timely a lawsuit presenting a Federal Tort Claim against the United States.

By the instant motion, Defendants seek dismissal, asserting that they are not subject to personal jurisdiction in the State of Maryland.

II. <u>PERSONAL JURISDICTION</u>

For a federal district court to exercise personal jurisdiction over a nonresident defendant, two requirements must be satisfied:

1. The exercise of personal jurisdiction must be authorized under the long-arm statute of the state in which the court is located; and

2. The exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment.

<u>ASCO Healthcare, Inc. v. Heart of Tx. HealthCare and Rehab., Inc.</u>, 540 F. Supp. 2d 634, 640 (D. Md. 2008).

Maryland's long-arm statute limits jurisdiction to cases where the cause of action "aris[es] from any act enumerated" in the statute itself. Md. Code Ann., Cts. & Jud. Proc. § 6-103(a).[3] Thus, a plaintiff must identify the statutory provision

---

discontinued operations." [Document 11] at 4 n.5. On October 16, 2013, this Court approved Plaintiffs' notice of voluntary dismissal of Gilliland, Ratz and & Browning, P.C. without prejudice. [Document 16]. Accordingly, as used herein, "Defendants" refers to Andrea Bennett and Bennett & Associates.

[3] All statutory references herein are to Md. Code Ann., Cts. & Jud. Proc. unless otherwise indicated.

that authorizes jurisdiction. Ottenheimer Publishers, Inc. v. Playmore, Inc., 158 F. Supp. 2d 649, 652-53 (D. Md. 2001). Plaintiffs in the instant case rely upon the Maryland long-arm statute, § 6-103(b). Compl. ¶ 5.

"The Maryland courts have consistently held that the state's long-arm statute is coextensive with the limits of personal jurisdiction set by the due process clause of the Constitution." Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390, 396 (4th Cir. 2003). Accordingly, the statutory and constitutional inquiries essentially merge into a single inquiry – "the defendant [must] ha[ve] 'minimum contacts' with the forum, such that to require the defendant to defend its interests in that state 'does not offend traditional notions of fair play and substantial justice.'" Id. at 397 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

III. DISCUSSION

    A. Pertinent Facts

The pertinent facts can be stated succinctly:

- Between August 1997 and December 2002, health care providers at the Naval National Medical Center in Maryland and the Maxwell Air Force Base in Alabama provided medical services to Mrs. Zander that the Zanders allege were performed negligently.

3

- In 2004, when the Zanders were Georgia residents, the Defendants, also Georgia residents, agreed to represent Mrs. Zander[4] in a medical malpractice lawsuit against the United States.

- Defendant Bennett[5] represented Mrs. Zander in the administrative proceedings required as a prerequisite to filing a lawsuit in federal court pursuant to the Federal Tort Claims Act.

- In July 2009, Mrs. Zander informed Defendant Bennett that the Zanders were relocating to Maryland. At a meeting later that month, Defendant Bennett advised Mrs. Zander that the "administrative claims had been formally denied and that the next step was to file a lawsuit in Maryland." [Document 11] at 7.

- On July 29, 2009, Defendant Bennett emailed a Maryland lawyer, stating:

  > I'm putting together a case under the Federal Tort Claims Act and will likely need to file it in District Court in Maryland. It arose in Bethesda, and my clients are relocating to that area as well.
  >
  > Do y'all have any recommendations as to who might be good to associate with me on this?
  >
  > . . . .
  >
  > . . . The case needs to be filed by the end of September so I'm pulling things together now.

[Document 11-1] at 2.

- On August 19, 2009, the Maryland lawyer responded, stating:

---

[4] The Defendants allegedly failed to pursue a loss of consortium claim on behalf of Mr. Zander.

[5] At some point before March 2009, Defendant Bennett started her own law firm, Bennett & Associates. See [Document 11] at 4-5.

4

>     Andrea: Sorry for the delay in responding.
>     I would be happy to serve as your local
>     counsel in this matter. Dale

Id. at 1.

- On September 16, 2009, the time for filing the lawsuit, six months after the Government's final denial of the administrative claim, expired.

- On October 2, 2009, Defendant Bennett – unaware that the suit was then time barred – sent an email to a person in the Maryland lawyer's office, advising that she was then putting the final touches on the Complaint.

- On October 8, 2009, Defendant Bennett sent the complaint and supporting documentation to the Maryland lawyer, and the lawsuit was filed in this Court the same day as Zander v. United States, AW-09-2649.

- On February 13, 2012, Judge Williams of this Court granted the Government's Motion to Dismiss, holding that the Complaint had not been filed timely. See Zander v. United States, 843 F. Supp. 2d 598 (D. Md. 2012) aff'd, 494 F. App'x 386 (4th Cir. 2012).

B. General Jurisdiction

"Under due process analysis, there are two types of personal jurisdiction: specific and general." Estate of Bank v. Swiss Valley Farms Co., 286 F. Supp. 2d 514, 517 (D. Md. 2003). The Maryland long-arm statute provides as to general jurisdiction, in pertinent part:

> (b) A court may exercise personal jurisdiction over a person, who directly or by an agent:
>
> . . . .
>
> (4) Causes tortious injury in the State or outside of the State by an act or omission

> outside the State if he regularly does or
> solicits business, engages in any other
> persistent course of conduct in the State or
> derives substantial revenue from goods,
> food, services, or manufactured products
> used or consumed in the State;

§ 6-103(b)(4). "[W]ith regard to non-residents, general jurisdiction is ordinarily reserved for those defendants who have such substantial contacts with the forum state that they may be considered 'essentially domiciled' within that state." Estate of Bank, 286 F. Supp. at 517-18 (citing Atlantech Distrib., Inc. v. Credit Gen. Ins. Co., 30 F. Supp. 2d 534 (D. Md. 1998)).

Defendants are not Maryland residents. They have no property, assets, employees, or registered agents in Maryland. Further, they are not registered to do business in Maryland.

### C. Specific Jurisdiction

"Specific jurisdiction is available when the plaintiff's claim arises out of the defendant's contacts with the forum state." Id. at 517. The Maryland long-arm statute provides as to specific jurisdiction, in pertinent part:

> (b) A court may exercise personal
> jurisdiction over a person, who directly or
> by an agent:
>
> (1) Transacts any business or performs any
> character of work or service in the State;

> (2) Contracts to supply goods, food, services, or manufactured products in the State;
>
> (3) Causes tortious injury in the State by an act or omission in the State . . . .

§ 6-103(b)(1)-(3).

The conduct of Defendants Bennett, and Bennett & Associates, providing the basis for the instant law suit is the alleged failure to perform competently her agreement to file the underlying lawsuit for Mrs. Zander. The Court finds the reasoning of <u>Stratagene v. Parsons Behle & Latimer</u>, 315 F. Supp. 2d 765 (D. Md. 2004), instructive, even though <u>Stratagene</u> dealt with a legal malpractice claim that arose in the court of litigation and not as a result of a failure to file a timely lawsuit. Holding that a non-resident defendant law firm was subject to personal jurisdiction for alleged malpractice relating to ongoing litigation in Maryland, Judge Chasanow emphasized that "[i]n deciding initially to represent [Plaintiff's opponent], then headquartered in Maryland, Defendants [who had previously provided legal representation to Plaintiff] transacted business and contracted to provide services to [Plaintiff's opponent] here." <u>Id.</u> at 770. Judge Chasanow went on to note that one of the defendants had appeared <u>pro hac vice</u> in the underlying litigation, while other

defendants had signed declarations in support of their client's legal position. Id.

In this case, Defendants contracted to supply services in the State of Maryland by agreeing to file the underlying medical malpractice lawsuit in Maryland and to function as counsel in that case. In fact, Defendants did file the lawsuit, albeit roughly three weeks late, and participated as counsel in the case. The connection with Maryland was an integral part of the service to be provided. Defendant Bennett provided local Maryland counsel with a copy of the underlying complaint, a civil cover sheet, four summons, and her completed pro hac vice motion. Moreover, Defendants caused tortious injury in Maryland to the Zanders, who were residents of Maryland at the time the case became time barred, by failing to file the underlying lawsuit in Maryland prior to September 17, 2009.

As the U.S. Court of Appeals for the Eleventh Circuit observed in Robinson v. Giarmarco & Bill, P.C., a legal malpractice case, "[t]he nature of the professional services rendered in this case was such that the defendants were fully aware that their actions or omissions would have a substantial effect in Florida. They should have reasonably anticipated the possibility of a suit arising from conduct directed towards the Florida Decedent." 74 F.3d 253, 259 (11th Cir. 1996). Here, it would hardly be unexpected that Defendants, representing

8

Maryland residents in regard to a suit to be filed in Maryland, would be haled into court in Maryland to answer claims based upon an alleged failure competently to perform their obligations to the Maryland residents.

The Court concludes that it does have specific jurisdiction over Defendants in the instant case.

IV. <u>CONCLUSION</u>

For the foregoing reasons:

1. Defendants Andrea Bennett and Bennett & Associates' Motion to dismiss for Lack of Personal Jurisdiction [Document 9] is DENIED.

2. Plaintiffs shall arrange a telephone conference to be held by February 21, 2014 to discuss the Scheduling Order to be issued.

SO ORDERED, on <u>Friday, February 07, 2014</u>.

                                                             /s/_____
                                          Marvin J. Garbis
                              United States District Judge